Taliafebbo, J.
The controversy in this case relates to a tutor’s account. Thomas Peniston died in the latter part of the year 1862. He had been the natural tutor of his minor son, Joseph A. Peniston, during a period of about eighteen years. During this time he administered a largo estate, exclusively the property of the minor.
Shortly after the death of the tutor the minor was emancipated, and required from the executor of his father’s estate the rendition of an account of the tutorship.
It appears that a short time before his decease, Dr. Peniston, father of the minor, had deposited in the hands of a notary a number of papers relating to his business generally, and among them the vouchers and documents of various kinds having reference to the tutorship of his minor son, and intended the notary to make out a statement of the tutorship. An account was made out accordingly, which in May, 1864, was presented by the executor, with accompanying papers as vouchers. The account was offered by the minor, and as the investigation of the subject involved the examination of a mass of papers relative to transactions running through so many years, the Court referred the matter to auditors. During the time the auditors were engaged in their functions, the building in which their labors were conducted took fire, and was entirely destroyed, and with it the tutorship account, the oppositions to it, the mortuary proceedings and all the papers of every kind connected with the settlement in contemplation were consumed.
In March, 1865, on the part of the minor, an order was rendered directing the executor to file another account. To this order he responded by filing an account identical as to amount of indebtedness of the tutor, with the former, stating that he was enabled to do so from original drafts of papers in the hands of his attorney, but averred his inability to render any more explicit or detailed account. This second account showing like the first, a balance due the minor of $64,185 31 was offered. ' On behalf of the minor an account against the tutor was presented of $199,959 26, made up as alleged of debts, revenues and income collected, the price of property sold, and interest; the amount claimed being as stated, a not balance after allowance made for all expenses, outlays, commissions, etc., as credits.
The opposition was dismissed, and the opponent has appealed.
We are unable to concur with the Judge a quo in the conclusion, that the account rendered by the executor should be confirmed. At its first presentation it was strenuously opposed, and we have no grounds to infer that the last evidence would have sustained it. Besides, there is not wanting in the record evidence to satisfy us of the probability, that the estate of the minor was not managed with a scrupulous regard to his interests. How, in the present state of the controversy anything satisfactory or conclusive can be arrived at, or how, under the pleadings and the meagre proof, or rather no proof at all in support of the tutor’s account, *288 any judgment can be rendered that would do justice to the parlies, we are at a loss to conceive.
The casualty by which the litigants have been deprived of written evidence, does not dispense them from the necessity of supplying it as far as possible by secondary evidence.
We feel it incumbent upon us to return the case to the Court of the first instance, in order that it may undergo further examination, with the view of adjusting more definitely the rights of the parties.
It is therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the case be remanded to tho lower Court for further proceedings according to law, the costs of this appeal to be sustained by the succession.